FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

MAY 2 – 2005

LUTHER D. THOMAS, Clerk
By: _____
    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC. a Florida not for profit corporation, and KENNETH TIDWELL, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>THOR EQUITIES, LLC a Foreign Limited Liability Company and THOR EQUITIES, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | CIVIL ACTION CASE<br><br>NO. 1:04-cv-03217-CC |

## DEFENDANT'S INITIAL DISCLOSURES

(1)     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Thor Equities, LLC, named as defendant, is properly identified as a Delaware limited liability company. However, Thor Equities, LLC is not a proper defendant. The proper defendant is Thor Gallery at South Dekalb, LLC, 2801 Chandler Road, Decatur, Georgia 30034, (404)241-2431. Thor Equities does not concede that a meritorious claim exists against Thor Gallery

**at South Dekalb, LLC in this action.**

**Thor Gallery at South Dekalb, LLC will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

(2)  Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Thor Gallery at South Dekalb, LLC**

(3)  Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Defendant Thor Equities, LLC does not own, lease or operate the place of public accommodation at issue. In addition, the modifications demanded by plaintiffs are not readily achievable, not required, or would create an undue hardship on defendant. Moreover, Plaintiffs are not entitled to attorney's fees because they commenced the litigation without demanding that defendant make the modifications and without prior notice to defendant.**

(4)  Describe in detail all statutes, codes, regulations, legal principles,

2

standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et.seq.**

**Americans with Disabilities Act Accessibility Guidelines ("ADAAG")**

(5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Defendant's Initial Rule 26 (a) (1) Disclosure (Witness List) is attached as Attachment A.**

(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Defendant's Initial Rule 26 (a) (2) Expert Witness Disclosure is attached as Attachment B.**

(7)     Provide a copy of, or description by category and location of, all

documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Defendant's Initial Rule 26 Disclosure (Document List and Descriptions) is attached as Attachment C.**

(8)  In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Not applicable. Defendant has not asserted a claim for damages.**

(9)  If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Thor Gallery at South Dekalb, LLC, 2801 Chandler Road, Decatur, Georgia 30034, (404)241-2431, owns the subject property. Thor Equities does not concede that a meritorious claim exists against Thor Gallery at South Dekalb, LLC in this action.**

(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**There are no applicable insurance agreements.**

Respectfully submitted this the 2nd day of May, 2005.

_____
Eloise H. May, Esq.
Georgia Bar No. 479003

Wiles & Wiles
800 Kennesaw Avenue
Suite 400
Marietta, Georgia 30060-7946
(770) 426-4619
(770) 426-4846 – Facsimile

T55/23initialdisclosures4.29.doc

5

# DEFENDANT'S ATTACHMENT A:
# DEFENDANT'S INITIAL RULE 26 (a) (1) DISCLOSURE (WITNESS LIST)

Defendant THOR EQUITIES, LLC, by and through undersigned counsel, files its Initial Disclosures pursuant to Rule 26 (a) (1) of the Federal Rules of Civil Procedure.

A.  The following individuals are known to Defendant THOR EQUITIES, LLC to be likely to have discoverable information relevant to disputed facts.

(1)  Thor Equities, LLC
     139 Fifth Avenue
     New York, New York 10010
     (212) 529-5055

     Lino Solis, Vice President and In-House Counsel
     Noreen Ehrlich, Chief Financial Officer

     Subjects: Lack of ownership or operation of the subject property by Thor Equities, LLC, undue hardship imposed on defendant if required to make the modifications demanded by plaintiffs.

(2)  Thor Gallery at South Dekalb, LLC
     2801 Chandler Road
     Decatur, Georgia 30034
     (404) 241-2431

     Lino Solis, In-House Counsel, Thor Equities, LLC
     Noreen Ehrlich, Chief Financial Officer, Thor Equities, LLC

     Subject: Modifications sought not readily achievable, undue hardship imposed on defendant if required to make the modifications demanded by plaintiffs.

## DEFENDANT'S ATTACHMENT B: DEFENDANT'S INITIAL RULE 26 (a) (2) DISCLOSURE (EXPERT WITNESS LIST, EXPERT RESUMES AND WRITTEN REPORTS OF EXPERTS)

Defendant THOR EQUITIES, LLC, by and through undersigned counsel, files its Expert Witness Disclosures pursuant to Rule 26 (a) (2) of the Federal Rules of Civil Procedure.

Defendant has not yet retained persons to provide expert testimony in this matter.

Defendant may offer expert testimony regarding Title III of the Americans with Disabilities Act ("ADA"), its regulations and guidelines, and their application to the place of public accommodation that is subject of the instant lawsuit. Defendant may also offer expert testimony that the modifications sought by plaintiffs are not readily achievable, not required or would impose undue hardship upon defendant. Defendant may also provide rebuttal testimony to that provided by plaintiffs' experts.

Disclosure will be forthcoming upon the expert(s) being retained and inspecting the property.

## **DEFENDANT'S ATTACHMENT C:**
## **DEFENDANT'S INITIAL RULE 26 (a) (2) DISCLOSURE**
## **(DOCUMENTS)**

Defendant THOR EQUITIES, LLC, by and through undersigned counsel, files its Document Disclosure pursuant to Rule 26 (a) (2) of the Federal Rules of Civil Procedure.

Defendant Thor Equities, LLC will introduce at trial documents concerning the South Dekalb Mall and the financial condition of Thor Equities, LLC, and evidencing the ownership and operation of the property.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing DEFENDANT'S INITIAL DISCLOSURES by depositing a copy of same in the United States mail with sufficient postage affixed thereon to ensure delivery to the person and address listed below:

John P. Fuller, Esq.
Attorney for Plaintiffs
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, Florida 33181

Jimmy Hwang, Esq.
4333 Dunwoody Park, Suite 2405
Atlanta, Georgia 30338

This 2nd day of May, 2005.

Eloise H. May, Esq.
Georgia Bar No. 479003

800 Kennesaw Avenue, Suite 400
Marietta, Georgia 30060-7946
(770) 426-4619
(770) 426-4846 - Facsimile

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC. a Florida not for profit corporation, and KENNETH TIDWELL, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>THOR EQUITIES, LLC a Foreign Limited Liability Company and THOR EQUITIES, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | CIVIL ACTION CASE<br><br>NO. 1:04-cv-03217-CC |

## **LOCAL RULE 7.1(D) CERTIFICATION**

This is to certify, pursuant to Local Rule 7.1(D), that the foregoing DEFENDANT'S INITIAL DISCLOSURES has been prepared in 14-point Times Roman font, as approved by this Court in Local Rule 5.1(B).

_____
Eloise H. May, Esquire
Georgia Bar No. 479003
Counsel for Defendants

Wiles & Wiles
800 Kennesaw Avenue
Suite 400
Marietta, Georgia 30060-7946
(770) 426-4846
(770) 426-4619 - Facsimile